IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRAD O. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-cv-02173 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Brad O. Williams' Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 4). A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because Petitioner is not entitled to relief, the Amended § 2255 Motion is DENIED.

**I. BACKGROUND**

On March 5, 2006, a federal grand jury charged Petitioner with the following ten counts: Count 1, conspiracy to commit armed

bank robbery, robbery, and carrying and using a firearm during and in relation to and to possess a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 371; Count 2, Hobbs Act Robbery in violation of 18 U.S.C. § 1951; Count 3, using and carrying a firearm in furtherance of a crime of violence (the robbery charged in Count 2), in violation of 18 U.S.C. § 924(c); Count 4, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); Count 5, using and carrying a firearm in furtherance of a crime of violence (the bank robbery charged in Count 4), in violation of 18 U.S.C. § 924(c); Count 6, Hobbs Act Robbery in violation of 18 U.S.C. § 1951; Count 7, using and carrying a firearm in furtherance of a crime of violence (the robbery charged in Count 6), in violation of 18 U.S.C. § 924(c); Count 8, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); Count 9, using and carrying a firearm in furtherance of a crime of violence (the bank robbery charged in Count 8), in violation of 18 U.S.C. § 924(c); and Count 10, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  See <u>United States v. Williams</u>, United States District Court, Central District of Illinois, Case No. 2:06-cr-20032-1 (hereinafter, Crim.), Indictment (d/e 23).  On November 10, 2006, a jury found

Petitioner guilty on all ten counts. See Crim., Verdict (d/e 131).

On March 12, 2007, Judge Michael P. McCuskey sentenced Petitioner to a term of life imprisonment, consisting of: "60 months on Count 1; 240 months on each of Counts 2 and 6, to run concurrently with one another and with Count 1; 300 months on each of Counts 4 and 8, to run concurrently with one another and with Counts 1, 2, and 6; 120 months on Count 10, to run concurrently with Counts 1, 2, 4, 6, and 8; and life imprisonment on Counts 3, 5, 7, and 9, to run consecutively to each other, and consecutively to Counts 1, 2, 4, 6, 8, and 10." Crim., Judgment (d/e 183).

Petitioner timely appealed, challenging the reasonableness of his sentence. The Seventh Circuit affirmed the district court's judgment in 2009. United States v. Williams, 553 F.3d 1073, 1083-84 (7th Cir. 2009).

In June 2016, Petitioner sent a letter to the Court requesting the appointment of counsel to pursue a possible claim under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). The Court appointed the Federal Public Defender. On August 26, 2016, Petitioner, through counsel, filed an Amended

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 4), arguing his four convictions under § 924(c) were invalid in light of Johnson. The Government filed its response (Doc. 8) on November 3, 2016. Petitioner filed a reply (Doc. 9). This Order follows.

## II. **ANALYSIS**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Here, Petitioner argues that his four convictions under § 924(c) for using and carrying a firearm in furtherance of a crime of violence are invalid in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Specifically, he argues that his underlying offenses of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and Hobbs Act robbery in violation of 18 U.S.C. § 1951 are not "crimes of violence." However, the Court finds that Seventh Circuit case law now forecloses his claims on the merits.

A "crime of violence" under § 924(c) is defined as a felony

offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)[ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "elements clause," and § 924(c)(3)(B) is referred to as the "residual clause." In <u>Johnson</u>, the Supreme Court held that the similarly worded residual clause of § 924(e) was unconstitutionally vague. 135 S.Ct. at 2563. After <u>Johnson</u>, the validity of the § 924(c)(3)(B) residual clause was uncertain. However, on June 24, 2019, the Supreme Court, in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), held that the § 924(c)(3)(B) residual clause is unconstitutionally vague as well.

    Unfortunately, the <u>Davis</u> holding is to no avail for Petitioner. As Petitioner conceded in his reply, the Seventh Circuit has held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) has as an element the use, attempted use or threatened use of physical force against the person of another. <u>United States v.</u>

Armour, 840 F.3d 904, 908-09 (7th Cir. 2016); United States v. Williams, 864 F.3d 826 (7th Cir. 2017) cert. denied, 138 S. Ct. 272, 199 L. Ed. 2d 174 (2017); see also United States v. Hendricks, 921 F.3d 320, 328 (2d Cir. 2019) (noting that all Courts of Appeal to have addressed the issue agree that bank robbery by intimidation is a crime of violence under § 924(c)(3)(A)).  The Seventh Circuit rejected Petitioner's argument that bank robbery by intimation is not a crime of violence: "the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed.  The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3)." Williams, 864 F.3d at 830.  While Petitioner says he wishes to preserve this issue for further review, this Court is bound by the decisions of the Seventh Circuit and must deny his claim.

Moreover, since briefing concluded in this case, the Seventh Circuit has also held that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A).  United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017), cert. granted, judgment vacated on other grounds, 138 S. Ct. 126 (2017); United States v. Fox, 878 F.3d 574 (7th Cir. 2017) (reiterating its holding in Anglin).  Relying

on Armour, the Seventh Circuit rejected the Petitioner's argument "that 'putting any person in fear' does not necessarily involve 'the use, attempted use, or threatened use of physical force against the person of another.'" Anglin, 846 F.3d at 965. Because Petitioner's offenses for armed bank robbery and Hobbs Act robbery remain crimes of violence under the elements clause, he is not entitled to relief and his Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). As noted above, Petitioner's claims are foreclosed by circuit precedent. Accordingly, the court finds that Petitioner has

not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Brad O. Williams' Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 4) is DENIED. The Court declines to issue a certificate of appealability. This case is CLOSED.

ENTER: July 15, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE